
FILED
AUG 0 7 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, HELENA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

*******

| | |
|---|---|
| UNITED STATES OF AMERICA | CR 09-03-BU-CCL |
| Plaintiff, | |
| -vs- | ORDER |
| CHARLES DOUGLAS MYERS, | |
| Defendant. | |

*******

The Court referred the Petition for Revocation (Doc. 44), as amended, for hearing, findings of fact, and recommendation to Magistrate Judge Keith Strong by order filed on July 9, 2012 (Doc. 50).[1] Pending now before the Court is the Report of Findings & Recommendations ("F&R") filed by Magistrate Judge Keith Strong on July 11, 2012 (Doc. 58). No objections have been filed to the F&R.

---

[1] *See* 18 U.S. C. §3401(i).

## I. Background

In 2009, this Court sentenced Defendant to 21 months incarceration followed by three years of supervised release upon his conviction of Felon in Possession of a Firearm. Defendant's supervision was revoked for marijuana use in 2011. Defendant was sentenced to a term of 6 months of custody followed by a term of 30 months of supervised release.

The Magistrate Judge now finds that "Defendant violated Special Condition No. 6 of his supervised release prohibiting him from ingesting any toxic substance that is not manufactured for human consumption for the purpose of altering his mental or physical state by ingesting an herbal substance resulting in positive urinalysis test results for synthetic cannabinoid on May 31, 2012, and June 13, 2012." (Doc. 58 at 5-6.) The Magistrate Judge informs the Court that Defendant has apologized to the Court and states that he had been making progress "while on supervised release by achieving employment at two jobs, volunteering at church, and reconnecting with his son." (Doc. 58 at 5.)

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1) this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." The district judge must review the magistrate judge's findings and recommendations de novo if objection is made. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). If an objection is made, the court reviews de novo only the portion to which the objection was made, the remainder is reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). No objection having been made, this Court reviews the F&R accordingly.

## III. Discussion

Mr. Myers admits that he ingested a substance called "voodoo child" and that synthetic cannabinoid was detected in his urine. Mr. Myers explained that he ingested the substance as a sleep-aid. USPO Wes Estep testified that "voodoo child" is sold at the Grateful Shed in Bozeman, Montana, and the package itself states that it is not intended for human consumption. (Doc. 58 at 3.) The Court is

3

in agreement with the Magistrate Judge that Defendant Myers did ingest a toxic substance not manufactured for human consumption for the purpose of altering his mental or physical state.

## IV. Revocation Determination and Sentence

The Court therefore finds by a preponderance of the evidence that Defendant violated Special Condition No. 6 of his supervised release. *See* 18 U.S.C. § 3583(e)(3). Defendant's supervised release should be, and hereby is, revoked, and Defendant Myers should be resentenced.

The Magistrate Judge notified the parties that the U.S.S.G. Chapter 7 guideline range is 6-12 months incarceration, following by a term of supervised release of 18-24 months supervised release. Neither counsel objected to these findings, and this Court agrees that the guideline range and supervised release findings made by the Magistrate Judge are correct. During allocution before Magistrate Judge Strong, Defendant Myers requested (in the event of revocation) that the Court impose a sentence of house arrest. Both parties were informed by the Magistrate Judge that they could request further allocution before this Court.

No request for further hearing has been made by either party.

Having considered the Magistrate Judge's Findings and Recommendation, the section 3553(a) statutory sentencing factors as made applicable by 18 U.S.C. § 3583(e), and all the record in this case, the Court finds that the appropriate sentence should be as recommended by Magistrate Judge Strong: a custody term of 6 months imprisonment followed by a 24-month term of supervised release on the same conditions imposed previously by this Court. The Court adopts Magistrate Judge Strong's Findings & Recommendations in full and shall enter Judgment accordingly.

The Clerk shall send a copy of this order to Magistrate Judge Strong and the United States Probation Office.

Done and dated this 6th day of August, 2012.

CHARLES C. LOVELL
Senior United States District Judge